FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 19 2018

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**RALPH L. BRESHEARS**                                          **PLAINTIFF**

VS.                    CASE NO. 4:18-cv-774-JM

**JURY TRIAL REQUESTED**

**THE CITY OF LITTLE ROCK and KENTON BUCKNER,
INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY**                **DEFENDANTS**

## COMPLAINT

Comes now the Plaintiff, Ralph L. Breshears, by and through his attorney, Floyd A. Healy, and for his Complaint against the Defendants, The City of Little Rock and Kenton Buckner, Individually, and in his Official Capacity, states:

1. That Plaintiff is a resident of Pulaski County, Arkansas and is a Caucasian male.

2. During all time set out hereinbelow, Plaintiff was a permanent employee with the Little Rock Police Department.

3. That at all times pertinent, Plaintiff was employed by Little Rock Police Department, an agency of separate Defendant City of Little Rock.

4. Separate Defendant, City of Little Rock, is a municipality within the State of Arkansas.

5. Separate Defendant, Kenton Buckner, was the police chief of the Little Rock Police Department, and, as such, was the final policy maker on all matters set forth hereinbelow.

This case assigned to District Judge Moody
and to Magistrate Judge Harris

1

## JURISDICTION AND VENUE

6. This Court has original jurisdiction in this action pursuant to 42 U.S.C. §2000e-5f. The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights and protection against retaliation guaranteed by federal law which rights provide for injunctive relief and other relief for illegal employment discrimination and practices. The amount in controversy in this action exceeds the jurisdictional limits of this Court.

7. That the Plaintiff has obtained from the Equal Employment Opportunity Commission (EEOC) a Notice of Right to Sue Letter dated July 13, 2018, which was received by the Plaintiff on or about July 22, 2018. Attached hereto marked Exhibit "A" and incorporated herein by reference is a copy of said Notice of Right to Sue letter. Specifically, Plaintiff was given the right to proceed with a retaliation action pursuant to 42 U.S.C. §12203.

## GENERAL FACTUAL ALLEGATIONS

8. On or about June 11, 2016, the Plaintiff applied for an assignment transfer to a position centrally involving accident investigation/reconstruction.

9. Plaintiff later was advised that the position was given to a much lesser qualified black male.

10. That at the time the Plaintiff applied for the position of accident investigation/reconstruction, he was sufficiently more qualified with over 440 hours of accident investigation training and significant practical experience. The police officer who was selected by the "selection committee", had only about 40 hours of training with little

or no practical experience in the field.

11. Prior to the selection for the position, a black female, Tonya Washington, was centrally involved in the position selection process and was in charge of the division overseeing the position. During this time period, she had made a public statement to the affect of "I'm tired of these lilly white squads", referring to her apparent preference disposition to favor non-white persons. Her remark resulted in a complaint and investigation.

12. During the selection process, it was determined that Capt. Washington and Lt. Whitten participated in the direction to a subordinate to author a memorandum recommending Officer Salaam for the job position. The memorandum obviously was pre-text for racial discrimination.

13. In his first EEOC complaint filed by the Plaintiff against the Defendants, Plaintiff alleged that the Defendants had discriminated against him in the promotion to the job set forth hereinabove.

14. That shortly after filing his initial complaint with the EEOC, Plaintiff began experiencing disparate treatment from his employer.

15. That on July 19, 2017, Plaintiff was involved in a critical incident during which time he discharged his weapon several times at a fleeing suspect who had just car-jacked a vehicle in West Little Rock. Following the investigation, Plaintiff was essentially cleared of wrong-doing, received a new weapon and was told to report to work three days later. Subsequently, Plaintiff was denied the right to wear his uniform while reporting for duty in an administrative status. Plaintiff was also placed on ROD (relief of duty) status. The Defendants failed to notify the Plaintiff regarding reasons or rational as to his placement

on ROD status as required by the employer's policy and practices. While on ROD status, the Plaintiff was required to report for administrative duties, which in essence, were no duties whatsoever.

16. That the Plaintiff was subjected to extended and internal affairs investigations following the critical incident and was targeted for disciplinary proceedings.

17. That in addition to the disciplinary proceedings against the Plaintiff, the Defendants pursued criminal charges against the Plaintiff for the crime of battery in the third degree, a Class A misdemeanor.

18. The Plaintiff verily believes and therefore alleges that the pursuit of said claim against the Plaintiff was in direct retaliation for the filing of his original EEOC complaint. The Plaintiff filed his second EEOC complaint alleging, among other things, retaliation pursuant to 42 U.S.C. § 12203.

19. That the criminal action against the Plaintiff was pursued against the Plaintiff without any supporting facts or law.

20. That the criminal complaint and pursuit filed against the Plaintiff was nothing more than a retaliatory maneuver on behalf of the Defendants to embarrass and harass the Plaintiff as a direct and proximate result of his bringing a discrimination case against the City.

21. That as a direct and proximate result of the criminal charges, the Plaintiff was illegally arrested and unlawfully tried. Plaintiff verily believes and therefore alleges that the charges against him were baseless.

22. That the Defendants' actions regarding his altered terms of employment, oppressive employment tactic, and the pursuit of the criminal case were designed solely

to retaliate against the person of the Plaintiff and were an effort to embarrass, harass, and intimidate the Plaintiff.

## COUNT II
## PENDENT STATE COURT CAUSES OF ACTION

23. This Court has jurisdiction over the Plaintiff's state court causes of action.

24. That the causes of actions set out hereinabove constitute the following state court causes of action, all for which the Plaintiff now seeks compensatory and punitive damages:

    a.  false imprisonment;

    b.  false arrest;

    c.  malicious prosecution;

    d.  abuse of process; and

    e.  liable/slander.

WHEREFORE, Plaintiff Ralph Breshears prays for all relief as set forth hereinabove, together with compensatory and punitive damages on the claim of retaliation against the Defendants, for all compensatory and punitive damages set forth in his state court causes of action, for all costs and attorney's fees associated with the pursuit of this matter, and for all other just and proper relief as determined by this Court.

FLOYD A. HEALY #86086
Attorney at Law
#8 Shackleford Plaza, Suite 103
Little Rock, AR 72211
(501) 224-5551

By: _____
Floyd A. Healy, Bar No. 86086

5



| | |
|---|---|
| CERTIFIED MAIL<br>7016 2140 0000 5581 6176 | U.S. Department of Justice<br>Civil Rights Division<br>NOTICE OF RIGHT TO SUE WITHIN 90 DAYS<br>*950 Pennsylvania Avenue, N.W.*<br>*Karen Ferguson, EMP, PHB, Room 4701*<br>*Washington, DC 20530* |

July 13, 2018

Mr. Ralph L. Breshears
110 Montpellier Drive
Maumelle, AR 72113

Re: EEOC Charge Against City of Little Rock Police Dept.
No. 493201800175

Dear Mr. Breshears:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action against the above-named respondent under: Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., and, Title V, Section 503 of the Act, 42 U.S.C. 12203.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice. If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney. If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires. Your request to the Court should be made well before the end of the time period mentioned above. A request for representation does not relieve you of the obligation to file suit within this 90-day period.

The investigative file pertaining to your case is located in the EEOC Little Rock Area Office, Little Rock, AR.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

John M. Gore
Acting Assistant Attorney General
Civil Rights Division

by *Karen L. Ferguson*
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Little Rock Area Office, EEOC
    City of Little Rock Police Dept.

Exhibit "A"